**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARJORIE WAGONER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-1229-JTM |
| ) | |
| **PFIZER, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' motion to compel Pfizer to produce a severance agreement concerning a former employee. (Doc. 96). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

### **Motion to Compel**[1]

JoAnn Yeksigian, a former Pfizer Regional Manager, was involved in the decision to discharge plaintiff Wagoner. Plaintiffs learned during their deposition of Ms. Yeksigian that she "voluntarily" separated from Pfizer in May 2007 following a "field force transformation"

---

[1] This is an age discrimination case under the ADEA, 29 U.S.C. § 621, et seq. The nature of this lawsuit has been described in detail in a prior opinion and will not be repeated. See Memorandum and Order, Doc. 73.

when given the option of relocating in order to remain employed by Pfizer.[2] Ms. Yeksigian received a severance package from Pfizer but was uncertain whether the severance agreement contained a "non-disparagement clause."

Plaintiffs subsequently served Pfizer with a production request for the severance agreement. Pfizer objected to production, arguing a lack of relevance and Yeksigian's privacy interests. Plaintiffs move to compel production, arguing that the severance agreement and, more specifically, the non-disparagement clause is relevant to show "bias or prejudice on Ms. Yeksigian's part." Pfizer offers to provided a copy of the "cooperation clause" from the agreement which requires Ms. Yeksigian to make herself available to give truthful testimony in litigation against Pfizer after her discharge. However, Pfizer contends that the severance agreement itself is not relevant to show bias testimony since Yeksigian testified during her deposition that she did not even know whether the release contained such a clause.

Fed. R. Civ. P. 26(b)(2)(C)(ii) provides that the court "must" limit the frequency or extent of discovery otherwise allowed if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The court is satisfied that plaintiffs had ample opportunity during Yeksigian's deposition to determine whether she provided biased testimony because of the severance agreement. As reflected by her deposition testimony, Yeksigian was not aware of whether the severance agreement contained a non-disparagement clause. Because the severance agreement did not affect

---

[2] Ms. Yeksigian left Pfizer approximately a year after Wagoner was terminated.

-3-

Yeksigian's testimony, production will not show bias or prejudice. However, because Pfizer offers to provide a copy of the cooperation clause, that portion of the motion to compel shall be sustained.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of July 2008.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge