## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE WAGONER, KAREN KIRKPATRICK, AND ERIN KRULL,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER, INC.,<br><br>Defendant. | Case No. 07-1229-JTM |

### MEMORANDUM AND ORDER

Presently before the court is defendant Pfizer, Inc's (Pfizer's) motion to sever and transfer claims of plaintiffs Karen Kirkpatrick (Kirkpatrick) and Ernie Krull (Krull) (Dkt. No. 19), and Pfizer's motion to strike plaintiffs' supplemental response (Dkt. No. 79).  For the following reasons, the court denies both motions.

### I.  Factual Background

The plaintiffs are all former Pfizer employees -- Wagoner for approximately 26 years in the Wichita, Kansas area, Kirkpatrick for approximately 17 years in the Southern Oklahoma area, and Krull for approximately 3 years in the Tucson, Arizona area.  Each plaintiff reported to different supervisors, and each was ultimately terminated from his position.  Each plaintiff has claimed discrimination under the ADEA against Pfizer.  Wagoner and Kirkpatrick also claim intentional infliction of emotional distress.

## II.  Legal Standard

Defendants seek to sever plaintiffs' claims under Fed. R. Civ. P. 21, which provides:

> Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

FED. R. CIV. P. 21.  Severance is discretionary under Rule 21.  *See, e.g., K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985).   The Court will look to whether plaintiffs are properly joined under Rule 20(a), which allows permissive joinder of plaintiffs if: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action.  FED. R. CIV. P. 20(a)(1)(A)&(B).  Rule 20(a) was devised to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  7 Charles Alan Wright, et al, *Federal Practice and Procedure* § 1652, at 395 (3d ed. 2001).  Courts may sever plaintiffs' claims if these objectives are not met, and joinder will result in prejudice, expense, or delay.  *See id*. at 396.  "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715. 724 (1966).

Joinder first requires that the claim arise out of the same transaction or occurrence. Courts consistently have held that "transaction" is "a word of flexible meaning.  It may comprehend as a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *King Fisher Marine Service, Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990)(quoting *Moore v. New York Cotton Exch.*,

270 U.S. 593, 610 (1926)).  Further, several courts have held that the "same transaction or occurrence" requirement is met when plaintiffs allege a pattern and practice of discrimination. *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001).

The second requirement is a common question of law or fact.  Not *all* questions of law or fact need be common; rather, only *some* questions must be common.  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 13333 (8th Cir. 1974).  "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."  7 Wright, *Federal Practice and Procedure* § 1653.  Further, many courts have found that a common allegation of discriminatory conduct is sufficient to satisfy the "common question" requirement.  *See Perkins v. Rent-A-Center, Inc.*, No. 04-2019, 2004 WL 2182190, at *1 (D. Kan. Sept. 21, 2004).

### III.  Analysis

In this motion, Pfizer argues: (1) that plaintiffs' claims do not arise out of the same transaction or series of transactions; (2) that there are no common questions of law or fact; and (3) that because the plaintiffs reside and work in different states, they were supervised by different individuals prior to their termination, and were allegedly terminated by different individuals.  Thus, Pfizer argues, Kirkpatrick and Krull's cases should be transferred to the district courts in their hometowns, Oklahoma and Arizona, respectively.

Plaintiffs concede they worked in different states and reported to different managers prior to termination, while contesting that each plaintiff was terminated as a result of a common plan

or scheme Pfizer formulated to terminate employees over a certain age and salary level.  At the time of their termination, each plaintiff was over the age of 50, and Pfizer replaced each with a new employee more than 20 years younger in age and experience.  Further, commencing immediately after a corporate reorganization in 2005, plaintiffs claim the new managers were hostile with respect to age-related matters.  As such, plaintiffs argue that their claims arise out of the same transaction or occurrence, that their claims present numerous common questions of law and fact, and that Pfizer has not shown that any other forum for litigation would be substantially more convenient than the District of Kansas.

Defendants rely on several cases, including *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D. N.M. 2002) for the proposition that the shared commonality of an age discrimination claim is insufficient to support joinder.  Yet in *Sheets*, the court noted that other courts allowed the joinder of plaintiffs asserting an age discrimination claim when, as here, the plaintiffs allege a central policy of discrimination.  Further, while contrary authority exists, the majority of courts have held that allegations of a pattern and practice of discrimination satisfy both required elements of Rule 20. *See, e.g.*, *Miller v. Hygrade Food Products Corp.,* Case No. 99-1087, 2001 WL 503395, at *2 (E.D.Pa. May 11, 2001) (denying motion to sever where plaintiffs allege that defendant employs subjective decision making policy designed to discriminate against African-American employees); *Porter v. Milliken & Michaels, Inc.,* Case No. 99-0199, 2000 WL 1059849, at * 1-2 (E.D.La. Aug.1, 2000) (allegations of pattern or practice of discrimination satisfy both requirements; denying motion to sever even though plaintiffs worked on different floors under different supervisors); *Fong,* 1996 WL 468660, at *3 (denying motion to sever even though plaintiffs held different positions and were terminated at

different times and under different conditions where plaintiffs allege pattern of severe disciplinary measures based on age and race); *Hohlbein v. Heritage Mut. Ins. Co.,* 106 F.R.D. 73, 78-79 (E.D.Wis.1985) (denying motion to sever where plaintiffs allege continuing pattern or practice of discrimination with respect to employment of admittedly unrelated individuals); *King v. Ralston Purina Co.,* 97 F.R.D. 477, 480 (W.D.N.C.1983) (allegations of pattern and practice of unlawful age discrimination sufficient to satisfy Rule 20(a) even though plaintiffs worked in different places and different divisions of company); *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333-1334 (8th Cir.1974) (district court abused discretion in severing claims where plaintiffs alleged company-wide policy designed to discriminate against blacks).

Plaintiffs suggest they intend to prove discrimination on an individual basis, and not on a pattern or practice basis. Nonetheless, plaintiffs may use evidence of a pattern or practice of discrimination to prove discrimination in an individual case. Such evidence may be circumstantial proof of discrimination or evidence of discriminatory animus. Thus, while the plaintiffs worked in different places and were fired at different times, the allegation that Pfizer pursued a discriminatory policy satisfies Rule 20's two-part standard. As such, at least at this pretrial juncture, the court finds that it is proper to join the plaintiffs' claims against Pfizer.

Discovery is nearing an end and the dispositive motion deadline rapidly is approaching. The parties may raise this issue in connection with the final pretrial conference, an approach other courts have adopted. *See, e.g., Spring Comm. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 618 (D. Kan. 2006).

### IV.  Motion to Strike

Defendant Pfizer moves to strike plaintiffs' supplemental response, or, in the alternative, for leave to file its own supplemental briefing.  Pfizer initially filed its motion to sever in this matter on December 4, 2007 (Dkt. No. 19).  Plaintiffs filed a response on January 8, 2008 (Dkt. No. 29), and Pfizer filed a reply on January 22, 2008 (Dkt. No. 39).  Plaintiffs then, without leave of court, filed a supplemental response on April 16, 2008 (Dkt. No. 78).  Pfizer seeks to strike the supplemental brief because plaintiffs filed it without leave of court, almost three months later. Pfizer also argues that the supplement does not raise a single new argument and that it fails to comply with Local Rule 7.1, which provides only for a motion, response, and reply in support.

Plaintiffs respond that the court has authority under Rule 15(d) of the Federal Rules of Civil Procedure to permit its supplemental response.  Further, plaintiffs argue that the purpose of its supplemental response was to advise the court of events that have taken place since briefing was complete.

The court denies Pfizer's motion to strike as moot; the court did not consider the supplemental brief when deciding the motion to sever.

IT IS ACCORDINGLY ORDERED this 24th day of July, 2008, that defendant Pfizer, Inc's (Pfizer's) motion to sever and transfer claims of plaintiffs Karen Kirkpatrick (Kirkpatrick) and Ernie Krull (Krull) (Dkt. No. 19) is denied, and Pfizer's motion to strike plaintiffs' supplemental response (Dkt. No. 79) is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE